UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

DOUBT K.,[1]

      Plaintiff,

  v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

      Defendant.

Case No. 6:23-cv-00120-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Doubt K. seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, that decision is REVERSED and the matter is REMANDED for further proceedings.

**PROCEDURAL HISTORY**

    Plaintiff filed an application for SSI on September 6, 2019, alleging a disability onset date of January 1, 2015. Tr. 33. The Commissioner denied plaintiff's claim initially and upon

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

1 – OPINION AND ORDER

reconsideration. Tr. 111-23. Plaintiff then requested a hearing before an administrative law judge (ALJ), which was held on January 20, 2022. The ALJ issued a decision on March 1, 2022, denying plaintiff's claim for benefits. Tr. 30-47. On November 23, 2022, the Appeals Council (AC) denied plaintiff's request for review of the ALJ's decision. Tr. 1-7. Thus, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

2 – OPINION AND ORDER

months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since September 6, 2019, his application date. Tr. 35. At step two, the ALJ determined plaintiff suffered from the following severe impairments: depression, anxiety, inattentive attention deficit hyperactivity disorder, and gender dysphoria. *Id*.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *Id*. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined plaintiff has the RFC to perform a full range of work at all exertional levels, with the following nonexertional limitations:

> [H]e can understand, remember, and carry out simple and routine instructions and tasks that can be learned in 30 days or less. The [plaintiff] is limited to work that involves no proximity and interactive contact with the public, occasional direct coworker interaction and no group tasks (there is no limit on incidental coworker contact) and occasional supervisor contact.

Tr. 37.

At step four, the ALJ found plaintiff had no past relevant work. Tr. 41. However, considering plaintiff's age, education, work experience, and RFC, the ALJ concluded there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including laundry worker, hand packager, and machine packager. Tr. 42. Thus, the ALJ concluded plaintiff was not disabled. *Id*.

//

//

3 – OPINION AND ORDER

## DISCUSSION

Plaintiff argues that the ALJ's decision is not supported by substantial evidence. Pl. Br. 12. Specifically, plaintiff contends that additional evidence submitted to the Appeals Council identified concrete limitations on his ability to sustain full time work. *Id*. at 12-15. Plaintiff claims the Appeals Council erroneously denied his request for review, because the new evidence created a "reasonable probability" of changing the outcome of the ALJ's decision. *Id*. Plaintiff also asserts that the ALJ improperly rejected his symptom testimony and the lay witness testimony of his sister. *Id*. at 5, 10.

### I.     Additional Evidence Submitted to Appeals Council

The Appeals Council will review an ALJ's decision at a party's request where it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R § 416.1470(a)(5). The Appeals Council will "only consider additional evidence . . . if [the claimant] show[s] good cause" for not having timely submitted the evidence to the ALJ. 20 C.F.R § 416.1470(a)(5); *see also* 20 C.F.R. § 416.1435 ("Each party must make every effort to ensure that the [ALJ] receives all of the evidence and must inform us about or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing."). Accordingly, when the Appeals Council "considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

Plaintiff twice filed extensions to the deadline to submit additional evidence to the Appeals Council. Tr. 8, 15. Plaintiff explained that the extensions were necessary because a treating provider had not yet completed the requested medical opinion form. Tr. 20. Both requests were granted. Tr. 8, 15. On June 17, 2022, approximately three months after the ALJ's decision was issued, plaintiff's treating therapist, Dana Goodwin, LMSW, QMHP submitted a five-page medical opinion in support of plaintiff's disability claim. Tr. 22-26. Goodwin began treating plaintiff in October 2019, meeting with him weekly for "individual therapy sessions." Tr. 22. Goodwin opined that plaintiff "presents and reports symptomology consistent with" post-traumatic stress disorder, gender dysphoria, and major depressive disorder. Tr. 22. According to Goodwin, plaintiff's "ability to create and maintain a consistent sleep/wake schedule is severely impacted by [his] experience of Major Depressive Disorder." Tr. 26. Goodwin stated plaintiff "experiences insomnia nearly every day" and has "an inability to maintain daily living tasks (eating consistently, adequate sleep, maintaining the home)." Tr. 26. In Goodwin's opinion, plaintiff would likely miss more than four days of work per month due to his symptoms. Tr. 26.

The Appeals Council determined the new medical opinion evidence did not "show a reasonable probability that it would change the outcome of the [ALJ's] decision" and denied plaintiff's request for review. Tr. 2. The Appeals Council's provided no further explanation as to how it evaluated the new evidence. However, because the new evidence was considered by the Appeals Council and added to the administrative record in rejecting plaintiff's request for review, the court must now consider the new evidence. *See Tackett*, 180 F. 3d at 1097-98 (a court reviewing the Commissioner's decision must review the record as a whole).

Plaintiff argues that because Goodwin's opinion included greater functional limitations than those accounted for in the RFC, there is a reasonable probability the new evidence would

5 – OPINION AND ORDER

have changed the outcome of the ALJ's disability determination. Pl. Br. 14-15. Indeed, courts have remanded cases wherein new medical opinion evidence expressed greater limitations than those determined by the ALJ. *See, e.g.*, *Javier V. R. v. Kijakazi*, No. 1:23-CV-3015-WFN, 2023 WL 6326562, at *3 (E.D. Wash. Sept. 28, 2023) (remanding for consideration of new medical opinions where they expressed limitations greater than those found by the ALJ and "consideration of those opinions could have changed the ALJ's ultimate determination that [the plaintiff] was not disabled").

In this case, there are conflicts between the ALJ's assessment of plaintiff's limitations and those presented in Goodwin's opinion. For example, Goodwin assessed plaintiff as having marked limitations in his ability to understand and remember simple instructions, whereas the ALJ determined plaintiff had only mild limitations in understanding and memory. Tr. 24, 36. Goodwin assessed plaintiff with an extreme limitation in his ability to interact appropriately with the public and a marked limitation in his ability to interact appropriately with supervisors and coworkers. Tr. 25. By contrast, the ALJ concluded plaintiff was only moderately limited in his ability to interact with others. Tr. 36. Plaintiff's RFC was thus formulated to "reflect the degree of limitation" identified in the ALJ's mental function analysis, without the benefit of Goodwin's assessment. Tr. 37. Such conflicts between the limitations expressed in Goodwin's opinion and the limitations contemplated in the ALJ's RFC determination must be resolved by the ALJ. See *Lucas W. v. Comm'r, Soc. Sec. Admin.*, 2024 WL 35455, at *3 (D. Or. Jan. 3, 2024) (finding that where new medical evidence "directly contradicts" the medical evidence supporting the ALJ's RFC formulation, the Appeals Council "erred by failing to remand [the case] for further consideration of the evidence").

6 – OPINION AND ORDER

The Commissioner argues that the court should not "re-weigh the evidence" by resolving conflicts between the ALJ's decision and Goodwin's opinion. Def. Br. 15. Indeed, it is not the court's, but the ALJ's responsibility to evaluate and resolve conflicts in the medical evidence. *Ford v. Saul,* 950 F.3d 1141, 1149 (9th Cir. 2020) (holding an ALJ is responsible for resolving conflicts in the medical evidence) (quoting *Andrews*, 53 F.3d at 1039); *see also Vasquez v. Astrue*, 572 F.3d 586, 594 (9th Cir. 2009) (finding the ALJ should have been afforded the opportunity to consider additional evidence when that evidence "would have enhanced the information available to the ALJ"). As such, the ALJ must now have an opportunity to review the conflicts between the limitations opined by Goodwin and those expressed in the ALJ's decision.

## II.     Plaintiff's Remaining Assertions of Error

Plaintiff also argues the ALJ erred in rejecting his symptom testimony and in rejecting the lay witness testimony from plaintiff's sister. The court declines to reach plaintiff's remaining assignments of error as the ALJ's review of the new medical evidence on remand may impact these issues on remand as well. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (declining to reach plaintiff's additional arguments for remand because the case was already subject to remand for further proceedings).

## ORDER

The Commissioner's decision is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.

DATED April 23, 2024.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge